# HIGHWAY CONSTRUCTION CO. v EBER

Ohio Appeals, 8h Dist, Cuyahoga Co.

No. 8649. Decided Dec. 24, 1928.

SHIELDS PJ, HOUCK and LEMERT, JJ of the 5th Dist sitting.

Baker, Hostettler & Sidlo, Cleveland, for Constr. Co.

Anderson & Lamb, Cleveland, for Eber.

SHIELDS, PJ

Following the course of argument of counsel for plaintiff in error in their brief, and stating our conclusion without extended discussion of the same, we find the first assignment is that "the verdict is against the weight of the evidence."

Assuming that the jury was properly instructed as to the law of the case, under the testimony given, upon the trial of the case we are of the opinion that the verdict of the jury was warranted in favor of defendant in error by both the testimony and the law.

Second "that excessive damages appear to have been given under the influence of passion or prejudice."

While there is no testimony before the court that any outside matter influenced the action of the jury, the presumption is that the verdict rendered was the unbiased judgment of the jury.

True, the verdict is large and the trial judge who was familiar with the facts of the case, ordered the remittitur mentioned, but in the testimony showing the character and extent of the defendant in error's injuries, and keeping in mind that the jury is the judge of facts, we do not feel disposed to disturb the verdict on this ground.

Third "misconduct of opposing counsel." This is recognized by our courts generally as a proper ground for a new trial where the same is clearly shown to have abused its discretion by an act done or language used during the trial of a case wherein the legal rights of the parties offended against are prejudiced thereby.

St. Bernard vs Cohman, 31 O C A 273.
Palmer vs Peck, 104 O S 603.

This incident in the trial appears to have occurred in the testimony of a witness or witnesses upon the trial as to the relation of a certain insurance company to the case in whose behalf it is claimed the defense was really being made.

"Voir dire examination of a juror is allowed by courts with more or less freedom in testing his or her qualifications to act as such juror." See Lish vs Denny, 23 O L R 229.

Bowman vs Silberman, 16 O App 236.
Cohen v Smith, 5 Abs 325, May 21 1927.

In an examination of this record we are unable to reach any other conclusion than that the plaintiff in error by its witness first introduced this subject thus opening the way for his cross-examination by defendant in error.

We have examined this entire record with no little care, including the request to charge submitted on behalf of plaintiff in error, and finding no error in the proceedings of the court below, its judgment will be affirmed. Exceptions.

Houck and Lemert JJ, concur.